**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA; CITY OF MINNEAPOLIS; and CITY OF ST. PAUL<br><br>Defendants. | Case No. 26-cv-4123-KMM-DLM |

**PLAINTIFF'S RESPONSE TO MINNESOTA'S MOTION FOR MORE DEFINITE STATEMENT**

The State of Minnesota (the State) asserts that the Complaint "contains no information that would allow [it] to understand the factual or legal nature of [Plaintiff's] claims against the state." Defendant State of Minnesota's Memorandum of Law in Support of Motion for More Definite Statement (Memo), 6. The State's motion is meritless; the Court should deny it.

**Standard of Review**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Because of the liberal notice-pleading standard governing federal pleadings 'and the availability of extensive discovery, *Rule 12(e) motions are disfavored*.'" *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013) (quoting *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F.

Supp. 638, 644 (D. Minn. 1996)) (emphasis added). "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Id.* "Therefore, '[w]hen examining whether a more definite statement is required under Rule 12(e), the only question is whether it is possible to frame a response to the pleading.'" *Id.* (quoting *Lyon Fin. Sers., Inc. v. MBS Mgmt. Servs., Inc.*, No. 06–4562, 2007 WL 2893612, at *9 (D. Minn. Sept. 27, 2007)).

## Argument

### A. Minnesota's statutory scheme.

This is a simple case. The Complaint alleges that Minnesota imposes an unconstitutional waiting period and permit-to-purchase scheme and challenges implementation of that scheme. The State's assertion that it cannot understand the allegations of the Complaint is specious, and the Court should deny its motion.

Minnesota law prohibits an individual from purchasing a handgun or a regulated rifle[1] unless: (1) he or she has a permit to carry in public; (2) a licensed firearm dealer submits a transferee report (Transferee Report) to local law enforcement on his behalf; or (3) he or she obtains a permit to purchase (Permit to Purchase) from local law enforcement. *See* Minn. Stat. §§ 624.7131 (Permit to Purchase), 624.7132 (Transferee Report), 624.714 (permit to carry). Compl. ¶¶ 13-17. This case does not concern persons

[1] Tens of millions of law-abiding Americans own ordinary semi-automatic rifles such as the AR-15 rifle, which they overwhelmingly use for lawful purposes. The State refers to such rifles as "semi-automatic military-style weapons." *See* Minn. Stat. § 624.712, subd. 7. The United States declines to use the State's tendentious and politically charged rhetoric when referring to these rifles.

who have obtained a license to carry a firearm in public. Compl. ¶ 14. Rather, this case concerns access to firearms by persons who desire to be ready for armed self-defense solely within the confines of their home, "where the need for defense of self, family, and property is most acute." Compl. ¶ 14 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 628 (2008)). Obtaining a Transferee Report or a Permit to Purchase takes up to 30 days. Minn. Stat. §§ 624.7131, subd. 5(a) (the chief of police or sheriff has 30 days to grant or deny a Permit to Purchase); 624.7132, subd. 4 (stating that unless waived no one can deliver a pistol or regulated rifle to a proposed transferee until 30 days after the Transferee Report is delivered to the police chief or sheriff).[2]

In short, the Complaint alleges that state law effectively creates a 30-day waiting period for Minnesotans, even for those persons who desire to use a firearm solely for defense of their home. Compl. ¶¶ 14, 16, 18.

**B. The State has violated Section 12601.**

The United States brought this action pursuant to the statutory authority set forth in 34 U.S.C. § 12601 (Section 12601). Compl. ¶ 38. Section 12601(a) states in pertinent part:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

---

[2] The State claims that "Minnesota law does not impose 'waiting periods' to purchase a firearm." Memo, 1. This is plainly false. Minn. Stat. § 624.7132 refers to the 30-day waiting period as a "waiting period" four separate times.

Thus, to state a claim under Section 12601, the Complaint must allege three elements: (1) a "governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority;" (2) "engage[d] in a pattern or practice of conduct by law enforcement officers;" and (3) that conduct operated to "deprive[] persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."

The Complaint plainly alleges all three elements against the State:

1. **Governmental Authority.** The Complaint alleges the State is a governmental authority, which the State could not plausibly dispute. *See* Compl. ¶ 38.

2. **Pattern or Practice.** The Complaint alleges that the State has enacted an unconstitutional permitting scheme. Compl. ¶¶ 24-27. The Complaint alleges that City of Minneapolis and the City of St. Paul law enforcement officers (Minnesota LEOs) have engaged in a pattern or practice of enforcing the State's unconstitutional permitting scheme. Compl. ¶¶ 33-37, 44. The Complaint alleges that the Minnesota LEOs enforce the unconstitutional permitting scheme on behalf of "governmental authorities," including the State. Compl. ¶¶ 40. Indeed, the State affirmatively requires the Minnesota LEOs to enforce its unconstitutional permitting scheme. Compl. ¶ 36. Finally, State officials actively participate in the enforcement of the unconstitutional permitting scheme through checks performed under the Minnesota Crime Information System. Minn. Stat. § 624.7131, Compl. ¶¶ 33, 24; Memo., 3-4. The State may disagree with these allegations, but it cannot plausibly claim that it does not understand them.

3. **Second Amendment Violation.** The Complaint alleges that the State's unconstitutional permitting scheme (1) applies to the people of Minnesota, (2) concerns a form of arms, and (3) places restrictions on the acquisition and possession of arms. Compl. ¶¶ 23-26. Accordingly, the Complaint alleges that the scheme is presumptively unconstitutional pursuant to step one of the *Bruen* test. *See* Compl. ¶ 27 (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)). The Complaint further alleges that the State will not be able to rebut the presumption of unconstitutionality at *Bruen* step two because it will not be able to show that its waiting period is consistent with the nation's history and tradition of firearms regulation. *See* Compl. ¶ 31 (citing *Ortega v. Grisham*, 148 F.4th 1134, 1155 (10th Cir. 2025)). The State may not agree with these allegations, but it cannot plausibly assert that they are so vague or ambiguous that it cannot reasonably prepare a response to them.

**C. The State's cited cases are distinguishable and unavailing.**

The State cited several cases in which courts in this District have ordered a more definite statement. *See* Memo at 8 (citing *Martin v. Brott*, No. 24-cv-00964, 2025 WL 1687834, at *2-*4 (D. Minn. May 16, 2025) (pro se plaintiff failed to assert any claims against defendants); *Mack v. Equifax Info. Servs., LLC*, No. 20-cv-00557, 2020 WL 3052091, at *1, 3 (D. Minn. May 11, 2020) (pro se plaintiff failed to allege any facts); *TransSurety, LLC v. Cardot*, No. 08-cv-5746, 2009 WL 10694760, at *2 (D. Minn. Apr. 24, 2009) (defendant asserted a crossclaim against another defendant and a counterclaim against the plaintiff but did not distinguish the allegations against each party, did not offer any allegations to explain the claimed violations of law, and did not assert which causes

of action were alleged against which party); and *Eisenach v. Miller-Dwan Med. Ctr.*, 162 F.R.D. 346, 347-48 (D. Minn. 1995) (plaintiff asserted an ADA-related employment claim but did not identify her claimed disability, the employment action or actions that violated the ADA, or when those alleged activities occurred)). Those cases are, quite simply, irrelevant because the United States has more than sufficiently plead the State's misconduct through law enforcement's implementation of the permitting scheme, Compl. at ¶¶13-19, the applicable Second Amendment precedents, Compl. at ¶¶ 1-4, 21-30, and how the enforcement of the permitting scheme violates Section 12601.

In summary, through its Complaint, the United States has more than amply set forth why the State has violated Section 12601, and a more definite statement of said averments by the United States is not warranted under Fed. R. Civ. P. 12. The State's motion should be denied out of hand.

## **Conclusion**

Plaintiff has provided more than sufficient notice of its claims to the State. The State can "frame a response to the pleading," and to assert otherwise runs contrary to binding precedent. Therefore, a more definite statement is not required, and the court should deny the State's motion.

DATED: November 17, 2026

Respectfully submitted:

DANIEL N. ROSEN
United States Attorney

DAVID W. FULLER
Civil Chief

U.S. Attorney's Office
District of Minnesota
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415
(612) 664-5600

CRAIG W. TRAINOR
Acting Assistant Attorney General
Civil Rights Division

R. JONAS GEISSLER
Deputy Assistant Attorney General

BARRY K. ARRINGTON
Chief, Second Amendment Section

*/s/ Mark K. Hellie*

________________________________

MARK K. HELLIE, Atty. No. 0346251
KEITH W. GAINES
PETER J. ABERNATHY
Trial Attorneys
Second Amendment Section

United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone:(202) 304-8447
E-Mail: barry.arrington@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA